UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZIUYUN GU, et al., )<br>            )<br>      Plaintiffs, )<br>            )<br>      v. )<br>            )<br> JANET NAPOLITANO, et al., )<br>            )<br>      Defendants. )<br>_____ ) | Case No.: C 09-2179 PVT<br><br>**ORDER CONTINUING HEARING AND SOLICITING FURTHER BRIEFING** |

On June 23, 2009, Defendants filed a motion to dismiss. Plaintiffs opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this interim order. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that the hearing on Defendants' motion to dismiss is CONTINUED to 10:00 a.m. on August 25, 2009.[1]

IT IS FURTHER ORDERED that, no later than August 14, 2009, the parties shall each file a supplemental brief addressing the issue of whether or not *Williams v. United States*, 704 F.2d 1222 (11th Cir. 1983) stands for the proposition that a *resident* alien is presumed "not to reside in any judicial district of the United States."

The court in *Williams* was asked to review the constitutionality of 28 U.S.C.A. § 1402(a)(1),

---

[1] If either counsel have a scheduling conflict with this date, they shall promptly contact chambers (408-535-5434) to reschedule the hearing.

ORDER, *page 1*

which provides:

> "(a) Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
>
> "(1) Except as provided in paragraph (2), in the judicial district where the plaintiff resides;"

The government in *Williams* argued that Section 1402(a)(1) precluded venue in all districts of the United States, while the plaintiff argued that to hold venue was improper in all districts would violate the due process clause of the Fifth Amendment. However, the Eleventh circuit and both parties all agreed that the constitutional issue only arose if Plaintiff was a "non-resident alien," because a *resident* alien could establish venue under Section 1402(a)(1) (i.e., in the district where the resident alien "resides"). The court in *Williams* noted that:

> "There is no doubt, as the government concedes, that resident alien taxpayers may avail themselves of the benefits of I.R.C. § 7429 *and the venue statute*. Such a holding is clearly consistent with the purpose of I.R.C. § 7429, *and logically satisfies the requirements of § 1402(a)(1)*.
>
> * * * *
>
> "We hold, as the government concedes, that a resident alien taxpayer may establish venue under 28 U.S.C. § 1402(a)(1) for purposes of contesting a jeopardy assessment." *Williams*, 704 F.2d at 1227 (emphasis added).

Thus, the *Williams* case appears to stand for the proposition that a *resident* alien *does* "reside" in a judicial district of the United States for venue purposes. However, because neither party addressed this language in *Williams*, the court wishes further briefing on this specific issue before hearing oral argument.

Dated: *7/27/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge