UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIUYUN GU, et al., | Case No.: C 09-2179 PVT |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| JANET NAPOLITANO, et al., | |
| Defendants. | |

On June 23, 2009, Defendants filed a motion to dismiss for improper venue. Plaintiffs opposed the motion. After reviewing the papers submitted by the parties, the court continued the hearing and solicited supplemental briefing, which the parties have now submitted. Having reviewed the supplemental briefs, the court now finds it appropriate to issue this order without oral argument. Based on the moving, opposition, reply and supplemental papers submitted,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED because venue in this district is proper.

Venue in this action is governed by 28 U.S.C. § 1391(e) ("Section 1391(e)") because plaintiffs have sued officers of the United States. Section 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

ORDER, *page 1*

or (3) the plaintiff resides if no real property is involved in the action.

Plaintiffs contend subsection (3) applies in this case.  Defendants argue that subsection (3) is inapplicable because for purposes of establishing venue, an alien is generally presumed not to be a resident of any district.  Plaintiffs argue that presumption applies only to non-resident aliens.  The court agrees with Plaintiffs.

To begin with, on its face Section 1391(e)(3) is not limited to citizens.  It is a well known canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself.  *See Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980).  "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."  *Ibid.*; *see also, e.g., SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) ("The plain meaning of a statute is always controlling 'unless that meaning would lead to absurd results.'").  "Courts can only look to legislative history to determine congressional intent if a statute is ambiguous."  *See Nuclear Information and Resource Service v. U.S. Dept. of Transp. Nuclear Information and Resource Service v. U.S. Dept. of Transp. Research and Special Programs Admin.*, 457 F.3d 956, 960 (9th Cir. 2006).

In the present case, the plain language of Section 1391(e)(3) allows a plaintiff to sue an officer of the United States in the district where the Plaintiff resides (if no real property is involved in the action).  It is unambiguous, and interpreting it to apply equally to all plaintiffs does not lead to absurd results.  No further analysis is necessary to determine the applicability of Section 1391(e)(3) in this case.

Even if the court were to go beyond the plain language of Section 1391(e)(3), the result would be no different.  Neither the Supreme Court, the Ninth Circuit Court of Appeal or any other circuit court of appeal appears to have addressed this precise issue yet.  The closest circuit court opinion is that in *Williams v. United States*, 704 F.2d 1222 (11th Cir. 1983).  While the court there noted in dicta that "An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives," its actual holding was that "a resident alien taxpayer may establish venue under 28 U.S.C.A. § 1402(a)(1) for purposes of contesting a jeopardy assessment."  *Williams*, 704 F.2d at 1227.  The case that is cited

for the dicta in the first quoted portion of *Williams* does *not* support the "regardless of where the alien actually lives" language of the quote. *See Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales*, 151 U.S. 496 (1894). In *Galveston*, a non-resident alien attempted to sue a railroad in the Western District of Texas based on the fact that the railroad operated in that district and maintained offices and depots in that district. The Court noted that "An alien, however, is assumed not to reside in the United States, and hence must resort to the domicile of the defendant." Nothing in that case precludes an alien from establishing that he or she does in fact reside in the United States.[1] In other words, to the extent such a presumption applies to resident aliens, the Supreme Court neither held nor implied that the presumption cannot be rebutted.

It makes little difference that *Williams* involved a contest of a jeopardy assessment.[2] As Plaintiffs note, the court in *Williams* was construing a venue statute with operative language that is identical to Section 1391(e): the "judicial district" in which "the plaintiff resides." *See Williams*, 704 F.2d at 1226-27, and 28 U.S.C.A. § 1402(a)(1). And the fact that the distinction between resident and non-resident aliens plays an important role in the federal tax code does not imply it plays no role for purposes of determining venue under Section 1391(e)(3). Whether or not an alien is a resident of the United States is inherently relevant to a determination of where he or she "resides."

The three Supreme Court venue cases cited by Defendants are distinguishable in material respects. Both *Miller v. Albright*, 523 U.S. 420, 427 (1998) and *Rogers v. Bellei*, 401 U.S. 815, 820 (1971) involved suits brought by *non-resident* aliens and merely mention the fact that the cases were transferred to the District Court for the District of Columbia pursuant to Section 1391(e). Neither case addressed application of Section 1391(e) in the context of a *resident* alien plaintiff. Defendants cite a third Supreme Court case, *Brunette Machine Works, LTD. v. Kockum Industries, Inc.*, 406 U.S. 706, 714 (1972) for its statement that "[S]uits against aliens are wholly outside the operation of all the federal venue laws." *See Id*. at 706. However, the import of that statement was that venue was

---

[1] In the additional case cited by Defendants in their supplemental brief, the district court resorted to legislative history despite the plain language of Section 1391(e). *See Prudencio v. Hanselmann*, 178 F. Supp. 887 (D. Minn. 1959). For the reasons discussed herein, this court respectfully disagrees with the analysis in that case.

[2] The court finds it somewhat disingenuous that the government, after initially relying on *Williams* in its moving and reply papers, now argues it is inapplicable.

*not* limited for suits against aliens. *See Id*. at 708 ("Because this limitation on the place where federal cases might be tried applied in terms only to suits against 'an inhabitant of the United States,' suits against aliens were left unrestricted, and could be tried in any district, subject only to the requirements of service of process.")  That proposition, which was later codified at 28 U.S.C. section 1391(d), has no application to a suit brought *by* an alien. *See, e.g., Ruiz v. Jolicover*, 2007 WL 1159594, *1 (D. Ariz. 2007) (noting that Section 1391(d) "refers to where an alien may be sued, not where an alien may sue").

Defendants argue that, because Congress has specified the district in which an alien resides as the venue for certain nationality and naturalization related actions (8 U.S.C. §§ 1252(b)(5)(B), 1421(c)), 1447(b) & 1503(a)), that such home district venue is not available when resident aliens bring other actions in federal court.  The logic of that argument is backwards.  As the Court recognized in the *Brunette Machine Works* case, venue statutes were enacted as *limitations* on the places where federal cases may be brought. *See Brunette Machine Works*, 406 U.S. at 708.  By specifying an alien's home district as the proper venue for certain specified causes of action, Congress *limited* the districts in which plaintiffs my bring such causes of action.  Those specific venue provisions take precedence over the more general venue provision of Section 1391(e), thus precluding plaintiffs who bring those causes of action from availing themselves of the venue provisions of Section 1391(e)(1) or (2). *See Edmond v. U.S.*, 520 U.S. 651, 657 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific governs.").  The fact that Congress has not included such a specific venue limitation in Section 1361 can only be construed to mean that all three venues listed in Section 1391(e) remain available to resident alien plaintiffs for suits brought against officers of the United States. *See, e.g., Ruiz v. Jolicover*, 2007 WL 1159594, *1 (noting that venue was not proper in the District of Arizona under 28 U.S.C. § 1391(b) or (e) because none of the defendants resided there, none of the events giving rise to the claims occurred there, and the resident alien petitioner did not reside there).

Nor is the analysis changed by the fact that a resident alien is expressly deemed to be a citizen of the State in which he or she is domiciled for purposes of 28 U.S.C. sections 1332 (diversity), 1335 (interpleaders), and 1441 (removable actions).  All three of those sections use the

word "citizen" and/or "citizenship." Because neither section 1391(e) nor 1361 use the words "citizen" or "citizenship," it would make no sense for Congress to provide that resident aliens are deemed to be "citizens" for purposes of those statutes. Thus, this is not a case of "disparate inclusion or exclusion" that implies anything about congressional intent, and the case cited by Defendants – *Russello v. U.S.*, 464 U.S. 16, 23 (1983) – is inapplicable.

In sum, Section 1391(e)(3) on its face allows a plaintiff to bring suit against an officer of the United States in the judicial district in which the plaintiff resides (so long as no real property is involved in the action). There is no ambiguity in the statute. The plain language of the statute does not lead to an absurd or unreasonable result. Neither application of the canons of statutory construction nor resort to any cited legislative history require a different interpretation. There is no binding case authority holding that resident aliens may not avail themselves of Section 1391(e)(3). And in interpreting a parallel venue provision with regard to resident aliens, at least one appellate court has held that resident aliens "may avail themselves of the benefits of * * * the venue statute." *See, Williams v. United States*, 704 F.2d at 1227. For all of the reasons discussed herein, this court respectfully disagrees with the other decisions in this district that concluded venue in the district where a resident alien resides is not proper under Section 1391(e)(3). *See, e.g., Ou v. Chertoff*, No. C-07-3676 MMC, 2008 WL 686869 (N.D. Cal. 2008).

It is undisputed in this case that Plaintiff Xiuyun Gu resides in this district. It is also undisputed that there is no real property involved in this action. Venue in this district is thus proper.

Dated: *9/10/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 5*